IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NUMBER: 3:08-615 |
| | ) | |
| VS. | ) | |
| | ) | **MOTION TO RECONSIDER** |
| JOSEPH BRUNSON | ) | **BOND REVOCATION** |
| | ) | |
| Defendant. | ) | |

The undersigned counsel for Joseph B. Brunson hereby moves for reconsideration of this Court's Oral Order on November 20, 2009 granting The Government's Motion to Revoke Bond. Counsel respectfully submits that Mr. Brunson's bond should not have been revoked and makes the following argument in support of this position.

a. Mr. Brunson was compliant with the conditions of his bond since his release from Butner FCI in December 2008 following a three month stay for a mental evaluation. Counsel confirmed with US Probation Officer Hazel Durant on November 19th that Mr. Brunson had complied with all terms of his bond;

b. Mr. Brunson was aware of the restrictions on his bond and obtained the Court's permission for any exception to those conditions. For example, Mr. Brunson obtained permission from Magistrate Judge Joseph McCrorey in October 2009 to go to Miami, Florida to visit his terminally ill father. Mr. Brunson went to Miami for one week and returned in accordance with Judge McCrorey's instructions. Mr. Brunson's father subsequently died in late October but his funeral and burial were done in Clarendon County, South Carolina, so no exception was needed for Mr. Brunson's travel regarding the funeral.

c. The Court appeared to rely, in part, on pro se filings that were made on November 20, 2009. The pro se filings by Mr. Brunson (Bill of Peace & Motion and Notice of Default & Stipulation) were made unbeknownst to the undersigned counsel and the undersigned counsel does not understand these documents. However, these pro se filings are similar in nature to other pro se documents that have been filed throughout the case by Mr. Brunson and his two co-Defendants. The three Defendants have challenged the Court's jurisdiction throughout the year and a half since the Indictment was returned by the Grand Jury. However, Mr. Brunson came to Court at each appointed time and never failed to adhere to the conditions of his bond regardless of the motions that he filed pro se. To the extent that the Court relied on the November 20th pro se filings, such reliance was in error.

d. Mr. Brunson is not a flight risk. His wife and adult son live in Hopkins, South Carolina. His wife and son are very supportive of him and attended trial each day. Mr. Brunson has pastored a church in Columbia for a number of years. His work and immediate family are all in the Columbia area.

For the reasons set forth more fully above, counsel requests that this motion be granted and bond be reinstated for Mr. Brunson.

> Respectfully submitted,
> **AUSTIN & ROGERS, PA**
>
> s/ W. Michael Duncan
> W. Michael Duncan (Fed ID # 6173)
> Post Office Box 11716 (29211)
> Columbia, South Carolina 29201
> (O) (803) 256-4000
> (F) (803) 252-3679

Columbia, South Carolina

November 24, 2009