**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Timothy McQueen, Tony Pough, ) <br> and Joseph Brunson, ) <br> ) <br> Movants, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> _____) | Criminal Action No. 3:08-cr-615-MBS <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the three identical motions of Timothy McQueen, Tony Pough, and Joseph Brunson (collectively "Movants") to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (2012). *See* ECF Nos. 502, 505, and 508.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From 2004 to 2008, Movants operated a Ponzi scheme through Capital Consortium Group ("CCG"). CCG offered investors many financial products, the most popular of which were related to debt-elimination or high-yield returns. For an up-front fee, CCG offered to eliminate a specified debt or earn a fantastical return on invested principal. Any return investors did receive was generated only by the contributions of new investors or from earlier investors who agreed to reinvest their money. Movants used the money collected from the scheme largely for personal luxury items, including real estate, a million-dollar recreational vehicle, a Gulfstream jet, luxury cars, and luxury sky boxes at sporting event venues.

On May 27, 2008 a criminal complaint was filed against Movants. ECF No. 3. The criminal complaint was supported by a sworn affidavit of FBI Special Agent Ronald Grosse

("Agent Grosse"). *Id.* Relevant to the within § 2255 motion, Agent Grosse provided information from several sources in his affidavit. These sources included his own personal knowledge gained in the course of his investigation, information from the South Carolina Attorney General's Office, and information from the North Carolina Secretary of State. *Id.* at 2. Agent Grosse also cited the result of his interviews with a victim of Movants, a witness who knew Movant McQueen for several years, and a confidential source close with all three Movants. *Id.* at 4-6. The affidavit also referenced evidence obtained during the execution of a search warrant in which authorities acquired a thumb drive containing an Excel spreadsheet listing investors in the Ponzi scheme and the amounts they had invested. *Id*. at 10-11. These sources and others allowed Agent Grosse to detail the organization of the Ponzi scheme, how the Ponzi scheme worked, and the role of each Movant in the execution of the scheme.[1] On the basis of the complaint and the Grosse affidavit, the court issued arrest warrants for Movants. ECF Nos. 4-6.

On August 21, 2008 the grand jury returned a 58-count superseding indictment charging Movants with the violation of various federal laws in the course of running a Ponzi scheme. ECF No. 83. Beginning on November 10, 2009, an eight-day jury trial of Movants was held before this court. *See* ECF Nos 297-306. The jury found Movants guilty on all counts. ECF No. 311. The court held a sentencing hearing for each Movant on December 14, 2010. ECF Nos. 389-91. Judgment was entered on January 14, 2011. Movant Pough was sentenced to 360 months imprisonment. ECF No. 397. Movants McQueen and Brunson were sentenced to 324 months

---

[1] The summary of the Grosse affidavit provided by Movants in their § 2255 motions largely agrees with the summary provided by the court. Movants concede that Grosse interviewed several individuals who provided him information about the Ponzi scheme being run by Movants. *See, e.g.*, ECF No. 502 at 5-6.

2

imprisonment. ECF Nos. 400 & 403. The Fourth Circuit affirmed the judgments and sentences and issued its mandate and judgment on July 11, 2012. ECF Nos. 498 & 499.

Movants each timely filed an identical § 2255 motion on June 19, 2013. ECF Nos. 502, 505, and 508. On July 30, 2013, the Government filed a response in opposition to Movants' § 2255 motions and moved for summary judgment. ECF No. 515. By orders filed July 31, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1995), Movants were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately. ECF Nos. 516, 518 and 520. Movants each submitted identical replies to the Government's motion for summary judgment. ECF Nos. 522-24.

Movants subsequently moved to amend their § 2255 motions. ECF Nos. 526, 529, and 531. Movants Brunson and McQueen also filed motions for discovery in support of their motions to amend. ECF Nos. 543 & 544. On November 14, 2014, the court granted the motions to amend and directed Movants to file amended § 2255 motions and any supporting documents within 14 days. ECF No. 545. As of this date, Movants have not submitted amended § 2255 motions or any supporting documents. The court will, therefore, address the contention raised in Movants' original § 2255 motions.

Because Movants made no claim in their § 2255 motions that could be advanced by the discovery requested, the court finds that Movants Brunson and McQueen have not shown the "good cause" required by Rule 6 of the Rules Governing § 2255 Proceedings to justify the authorization of discovery. The court, therefore, **denies** the motions for discovery (ECF Nos. 543 & 544).

## II. DISCUSSION

Movants argue that they received ineffective assistance of their respective trial counsel. *See, e.g.*, ECF No. 502 at 10. Specifically, Movants contend that their trial counsel should have challenged their arrests on the grounds that the arrest warrants did not issue on probable cause, i.e., that the Grosse affidavit "clearly fail[ed] to establish a bonafide nexus between Timothy McQueen, Tony Pough, Joseph Brunson, and the criminal activity . . . ." *Id*. at 11. To prove ineffective assistance of counsel, Movants must show that their respective trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. *Strickland* requires a Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the Movant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different. *Id.* at 694.

Federal Rules of Criminal Procedure 3 and 4 provide that an arrest warrant shall be issued only upon a written and sworn complaint setting forth the essential facts constituting the offense charged and showing that there is probable cause to believe that the offense has been committed and that the defendant has committed it. *Giordenello v. United States*, 347 U.S. 480, 485 (1958) (quoting Fed. R. Crim. P. 3 & 4). "Probable cause exists when the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are

sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000).  Probable cause for an arrest must be grounded on more than "mere suspicion," although it need not rise to the level of "evidence which would suffice to convict." *Wong Sun v. United States*, 371 U.S. 471, 479 (1963).

Agent Grosse's eleven-page affidavit, summarized above, details his own personal knowledge gleaned from investigation, information shared by two state agencies, the content of multiple interviews with witnesses who corroborated the existence of a Ponzi scheme, and the results of the execution of a search warrant.  The court finds that the Grosse affidavit is sufficient to have established probable cause for the arrest of Movants.  The objection Movants fault their counsel for failing to raise, therefore, was meritless.  Failure to raise meritless objections cannot constitute ineffective assistance of counsel.  *See, e.g.*, *United States v. Kilmer,* 167 F.3d 889, 893 (5th Cir. 1999) (stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *United States v. Victoria*, 876 F.2d 1009, 1013 (1st Cir. 1989) (Breyer, J.) ("Since raising meritless points would not have affected the outcome of the trial, counsel's failure to raise them did not constitute 'ineffective assistance.'").  Movants have not shown that they received ineffective assistance of counsel.

### III. CONCLUSION

For the reasons above, Movants' motion to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255 (ECF Nos. 502, 505, and 508) are **DENIED**.  The Government's motion for summary judgment (ECF. No. 515) is **GRANTED**.  The motions for discovery (ECF

Nos. 543 & 544) are **DENIED**.

## Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

  **IT IS SO ORDERED.**


            s/ Margaret B. Seymour
            Margaret B. Seymour
            Senior United States District Court Judge

December 17, 2014
Columbia, South Carolina